UNITED STATES v. NEW ORLEANS, T. & M. RY. CO. et al.

Circuit Court of Appeals, Fifth Circuit.
June 27, 1928.

No. 5152.

Railroads ⬿254(2)—Penalty for operation of defectively equipped train is imposed on every interstate railroad over which it is permitted to be hauled (Federal Safety Appliance Act [45 USCA § 1 et seq.]).

Where train was operated over lines of two interstate railroads, in violation of Federal Safety Appliance Act (45 USCA § 1 et seq.; Comp. St. § 8605 et seq.) and regulations issued thereunder, both roads are liable for penalty; it being no excuse that defective train was received from another interstate railroad and transported over line of receiving carrier for only part of total journey.

Appeal from the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Suits by the United States against the New Orleans, Texas & Mexico Railway Company and the Kansas City Southern Railway Company. From the judgments, plaintiff appeals. Reversed and remanded.

Philip H. Mecom, U. S. Atty., of Shreveport, La., and M. C. List, Sp. Asst. U. S. Atty., of Washington, D. C. (J. Fair Hardin, of Shreveport, La., on the brief), for the United States.

John B. Files, of Shreveport, La., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. The United States brought suits against the New Orleans, Texas & Mexico Railway Company and the Kansas City Southern Railway Company to recover penalties incurred for violations of the Federal Safety Appliance Act as amended (45 USCA § 1 et seq.; Comp. St. § 8605 et seq.) and the regulations issued thereunder by the Interstate Commerce Commission, alleging four violations as to each road. The suits were consolidated for trial and the jury waived. The District Court made findings of fact substantially as follows:

The Peavy-Byrnes Lumber Company operates trains with its own equipment and employees over the main lines of the New Orleans, Texas & Mexico Railway Company from Kinder, La., to C. S. Junction, La., and from there to Cupples, La., over the lines of the Kansas City Southern Railway Company, by virtue of contracts with said companies. These are interstate railroads, and their lines are highways of interstate traffic. The lumber company's cars move under orders of the respective dispatchers and trainmasters of the railroads. On August 4, 1926, a train of the lumber company, consisting of their locomotive and tender No. 122 and 35 eight-wheel logging cars, moved from Kinder to Cupples. The locomotive was defective, in that the sill steps and side handholds were missing from the rear end of the tender. The cars were properly equipped with automatic couplers and power brakes, but, due to the fact that the cut-out cock on 11 of the cars had been closed, only 71.05 per cent. of the brakes could be operated by the engineer, instead of 85 per cent., as required by the law and regulations. The next day, August 5th, this same locomotive, in its defective condition, with 28 eight-wheel logging cars, moved from Cupples back to Kinder. The cut-out cock on 9 cars in this train was closed, so that only 70.96 per cent. of the brakes could be operated by the engineer.

No question is raised as to the application of the law to these conditions but the District Court reached the conclusion that only the initial carrier had violated the law in taking the trains, respectively, from Kinder to Cupples and back the next day in the opposite direction, and imposed penalties of $200 on each carrier.

Error is assigned to this action of the court, and we think properly. Both railroads had the right of inspection of the train and authority to refuse to permit its movement, if improperly equipped. The law imposes a penalty of $100 for each locomotive or train, so defectively equipped or operated as to violate its provisions, on every interstate railroad over which it is permitted to be hauled,

and it is not an excuse that the defective train or car was received from another interstate railroad, and was transported over the line of the receiving carrier for only a part of the total journey.

Reversed and remanded.