## UNITED STATES v. CHICAGO, BURLINGTON & QUINCY R. CO.

### No. 10094.

United States Court of Appeals. Seventh Circuit.

June 27, 1950.

Leo Meltzer, Department of Justice, Washington, D. C., Otto Kerner, Jr., U. S. Atty., Benjamin D. Caruso, Asst. U. S. Atty., Chicago, Ill., James M. McInerney, Asst. Atty. Gen., John Peter Lulinski, Asst. U. S. Atty., Chicago, Illinois (Henry J. Vinskey, Attorney, Interstate Commerce Commission, Washington, D. C., of counsel), for appellant.

C. W. Krohl, Andrew C. Scott, Chicago, Ill., for appellee.

Before FINNEGAN, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

The Government, plaintiff below, appeals from a judgment rendered against it in a civil action under the Safety Appliance Acts, 45 U.S.C.A. §§ 1 to 16. The complaint averred that defendant had, "in violation of the provisions of the U. S. Code, title 45, sections 1 to 10, inclusive," hauled on its railroad in and about Clearing, Illinois, on a certain date a certain freight car "when the coupling and uncoupling apparatus on the 'B' end thereof was out of repair and inoperative, * * * thus necessitating a man or men going between the ends of the cars to couple or uncouple them * * *," and that defendant, therefore, was liable to plaintiff in the sum of $100. Defendant's answer denied each of these averments.

The District Court, after pre-trial conference, ordered that the cause be consolidated with U. S. v. Belt R. R. Co., pending in the same court, in which the Belt Railway Company of Chicago was charged with violating the Safety Appliance Act by hauling, on the same date the same allegedly defectively equipped freight car. When the consolidated case was called for trial, the court below, without receiving any evidence, entered judgment for $100 against the Belt Company but, over plaintiff's objection, dismissed the action against the Chicago, Burlington and Quincy. No findings of fact or conclusions of law were entered.

It is plaintiff's position that the consolidated case involved two distinct violations of the Safety Appliance Acts, and that the District Court's dismissal of the action against defendant was erroneous, in view of the statutory provision, 45 U.S.C.A. § 6, that any common carrier which violates the Act "shall be liable to a penalty of $100 for each and every such violation." Defendant, on the other hand, maintains that there is, in the record, no evidence to indicate that it did, in fact, violate the Act, and that, consequently, the District Court's judgment must be affirmed.

Defendant's contention that, because plaintiff failed to prove or to offer to prove commission by defendant of the acts charged, this court should affirm, must be rejected. The District Court had before it a complaint and answer which presented a clearly defined issue of fact, yet, without receiving any evidence, it entered judgment dismissing defendant. It is obvious that the dismissal was not predicated upon plaintiff's failure to prove its case, for plaintiff had been accorded no opportunity to do so. Rather it seems clear that the court *assumed* for the purpose of final disposition, that the defendant had committed the acts with which it was charged and that the Belt Railway Company had performed those acts with which it was charged, but concluded that, the hauling of the same allegedly defectively equipped car having been the subject of both complaints in the consolidated cases, only one penalty could or would be imposed. That this was indeed the fact is borne out by the statements of the court in the course of the colloquy preceding entry of judgment:

"The Court: * * * I indicated in this case I thought a $100 fine would be paid as one offense. Also which railroad is going to pay it?

"Mr. Krohl: The Belt Railway Company of Chicago, your Honor.

"The Court: In the consolidated case I will assess the fine of $100 and costs against the Belt Railway. I will dismiss the case against the Chicago, Burlington and Quincy."

These statements, and particularly the question, " * * * which railroad is going to pay it?", are consistent only with the conclusion that the court assumed that each railroad had committed the acts charged against it in the complaints but determined that, as a matter of law, those acts constituted only a single offense for which only one penalty would be imposed. That this, however, is not a correct conception of the law is evident from the decisions in United States v. New Orleans, T. & M. R. Co., 5 Cir., 27 F.2d 127, United States v. Gulf, C. & S. F. Ry., 4 F.2d 722, 724 (DC-La.), and United States v. Spokane International R. Co., D.C. Idaho, 30 F.2d 150, 155, which hold that, where two railroads haul the same defective car, there are two distinct violations of the Act for which separate penalties must be imposed.

The judgment is reversed and the cause remanded to the District Court for further proceedings in conformity with this opinion.

FINNEGAN, Circuit Judge, dissenting.

The Government filed its complaint for alleged violations of the Safety Appliance Acts, 45 U.S.C.A., §§ 1–16, inclusive. Defendant answered denying the violations. The Government had the burden of proving its case. This it did not do. It offered no evidence. It made no offer of proof. The record is barren of any evidence to substantiate the charges of the complaint. Considering the case on the record before us, the judgment dismissing the C., B. & Q. R. R. should be affirmed.

I dissent from the majority opinion.